1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

11

**DISTRICT OF NEVADA**

12

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:13-CV-268-LRH-(WGC) |
| | ) |
| $76,400.00 IN UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |

13
14
15
16
17

18 **DEFAULT JUDGMENT OF FORFEITURE AS TO AS TO ROBERT HERMAN GASKILL
AND WILCOX AUTOMOTIVE, LLC AND ALL PERSONS OR ENTITIES WHO CLAIM AN
19 INTEREST IN THE $76,400.00 IN UNITED STATES CURRENCY
AND
20 FINAL JUDGMENT OF FORFEITURE AS TO $76,400.00 IN UNITED STATES CURRENCY
AND JASON RYAN GORDON**

21

22 **I. FACTS**

23     1.  On December 12, 2012, driver Jason Ryan Gordon was pulled over in a Ford Escape SUV

24 by Nevada State Trooper William Ferguson for a traffic infraction. Robert Gaskill was sitting in the

25 front passenger seat of the SUV. The stop took place near mile marker 20 of Interstate 80 in Nevada.

26

2.   Gordon recognized Trooper Ferguson, stating he had been stopped by him previously when driving a different vehicle. Gordon stated he was driving from Minnesota to Nevada City, California to purchase a car. He said that after that he planned to drive to Oregon to visit his sister.

3.   Ferguson recalled the earlier traffic stop as well. Ferguson remembered that on September 18, 2012, there was a strong odor of marijuana emanating from Gordon's car. Also at that time he observed vacuum-sealed bags and a vacuum-sealer. Based upon Ferguson's training and experience these were all indicators that Gordon was involved in the transport of illicit drugs and/or drug-derived proceeds.

4.   Gordon consented to questioning by Ferguson during his current stop, stated he had approximately $77,000.00 in his car, and invited a search of his SUV.

5.   A trained narcotics canine performed an exterior search of the vehicle and alerted to the inside of the passenger-side rear door. At this time Gordon gave written consent to search the SUV. Inside of the vehicle was found approximately $7,000.00 in United States Currency in a sock. The remaining $69,400.00 in United States Currency was found inside a duffle bag. The $76,400.00 in United States Currency was wrapped in rubber bands consistent with the manner in which drug couriers package and transport currency derived from drug proceeds. A second trained narcotics canine later alerted to the duffle bag with the currency in it.

6.   Gordon stated that he planned to buy several cars on the west coast with the currency, transport the vehicles to Minnesota, and sell them. This was inconsistent with his earlier statement that he planned to buy one car for his personal use. Additionally, Gordon and Gaskill had few items of clothing in the vehicle, which is inconsistent with a trip that began in Minnesota and was to end in California and Oregon.

**II. PROCEDURE**

7.   The United States of America ("United States") filed a verified Complaint for Forfeiture in Rem on May 22, 2013.  Complaint, ECF No. 1.  The Complaint (ECF No. 1) alleges the defendant property:

a.     was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

b.     is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

c.     was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

8.  On May 31, 2013, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. Order for Summons and Warrant, ECF No. 3; Summons and Warrant, ECF No. 4.

9.  Pursuant to the Order (ECF No. 3), the Complaint (ECF No. 1), the Order for Summons and Warrant of Arrest in Rem for the Property and Notice (ECF No. 3), the Summons and Warrant of Arrest in Rem for the Property (ECF No. 4), and the Notice of Complaint for Forfeiture and Arrest (ECF No. 14, p. 3-4, 20-21, 38-39, 54-55, 71-72, ECF No. 14-1, p. 4-5, 21-22, 37-38, and ECF No. 23, p. 11-12) were served on the defendant property and all persons claiming an interest in the defendant property.  Notice was published according to law.

10.  Pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp. Rule") G(5), all persons interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its interest in the property, that (a) identifies the specific interest in the property claimed, (b) identifies the claimant and states the claimant's interest in the property, and (c) is signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an

answer to the Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on Michael A. Humphreys, Assistant United States Attorney, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Suite 5000, Las Vegas, Nevada 89101. Complaint, ECF No. 1; Order for Summons and Warrant, ECF No. 3; Summons and Warrant, ECF No. 4; Notice of Complaint, ECF Nos. 14. 14-1, and 23.

11.  Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from June 5, 2013, through July 4, 2013. Notice of Filing Proof of Publication, ECF No. 13.

12.  On June 14, 2013, the United States Marshals Service served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest by executing them on the defendant property. Notice of Filing Service of Process, ECF No. 14, p. 2-17.

13. On June 14, 2013, the United States Marshals Service served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Jason Ryan Gordon by regular mail and certified mail return receipt requested. Notice of Filing Service of Process, ECF No. 14, p. 18-52.

14. On June 17, 2013, the United States Marshals Service served the served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Jason Ryan Gordon, by and through his counsel Richard A. Schonfeld, Esq., by personal service. Notice of Filing Service of Process, ECF No. 14, p. 53-68.

15. On June 14, 2013, the United States Marshals Service served the served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and

Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Robert Herman Gaskill by certified return receipt mail, which was unclaimed, and by regular mail. Notice of Filing Service of Process, ECF No. 14-1, p. 19-55.

16. On March 4, 2014, the United States Attorney's Office served the served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Randy Wilcox, Manager of Wilcox Automotive, LLC, by regular and certified return receipt mail. Notice of Filing Service of Process – Mailing, ECF No. 23, p. 1-26.

17. On June 26, 2013, Jason Ryan Gordon filed a claim. Claim, ECF No. 5.

18. On June 26, 2013, Jason Ryan Gordon filed an Answer to the Complaint. Answer, ECF No. 6.

19. On February 20, 2014, the United States filed a Settlement Agreement for Entry of Judgment of Forfeiture as to Claimant, and Order, regarding the $76,400.00 in United States Currency. Claimant waived, among other things, service of process. Settlement Agreement, ECF No. 20.

20. February 24, 2014, the Court entered the Order granting the Settlement Agreement for Entry of Judgment of Forfeiture as to Claimant, and Order. Order Granting Settlement Agreement, ECF No. 21.

21. No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C. § 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

22. On April 28, 2014, the United States filed an Amended Request for Entry of Default against: (1) the $76,400.00 in United States Currency; (2) Robert Herman Gaskill; (3) Wilcox Automotive, LLC; and (4) all persons or entities who claim an interest in the $76,400.00 in United States Currency in the above-entitled action except Jason Ryan Gordon. Amended Request for Entry of Default, ECF No. 24.

23. On April 29, 2014, the Clerk of the Court entered a Default against: (1) the $76,400.00 in United States Currency; (2) Robert Herman Gaskill; (3) Wilcox Automotive, LLC; and (4) all persons

or entities who claim an interest in the $76,400.00 in United States Currency in the above-entitled action except Jason Ryan Gordon. Clerk's Entry of Default, ECF No. 25.

24.  Robert Herman Gaskill is not in the military service within the purview of the Servicemembers Civil Relief Act. Exhibit 1.

25.  Jason Ryan Gordon is neither a minor nor an incompetent person.

**III.  JUDGMENT**

26.  Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from, or exceed [the] amount" of relief listed in the complaint for forfeiture.

**IV.  DEFAULT AND ENTRY OF DEFAULT**

27.  As shown above, the United States has requested entry of Clerk's Default against: (1) the $76,400.00 in United States Currency; (2) Robert Herman Gaskill; (3) Wilcox Automotive, LLC; and (4) all persons or entities who claim an interest in the $76,400.00 in United States Currency in the above-entitled action except Jason Ryan Gordon (ECF No. 24).  The Clerk entered the Default as requested (ECF No. 25).

**V.  NOTICE**

28.  Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. See above.  Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on all known potential claimants. See above.

**VI.  LEGAL SUFFICIENCY OF THE COMPLAINT**

29.  The Complaint filed in this action was verified.  The Court has subject matter jurisdiction, in rem jurisdiction over the $76,400.00 in United States Currency, and venue.  The Complaint described the property with reasonable particularity.  The Complaint states where the seizure of the $76,400.00 in United States Currency occurred and its current location.  The Complaint identifies the

statute under which the forfeiture action is brought.  The Complaint alleges sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden proof at trial. See facts above. Complaint, ECF No. 1. Fed. R. Civ. P. Supp. Rule G(2).

30.  The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact.  The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

**VII.  POTENTIAL CLAIMANTS**

31.  Jason Ryan Gordon has entered into a Settlement Agreement with the United States.  No other person has filed a claim and the time to file a claim has passed.

32.  Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to: (1) the $76,400.00 in United States Currency; (2) Robert Herman Gaskill; (3) Wilcox Automotive, LLC; and (4) all persons or entities who claim an interest in the $76,400.00 in United States Currency and Final Judgment of Forfeiture as to $76,400.00 in United States Currency and Jason Ryan Gordon.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against: (1) the $76,400.00 in United States Currency; (2) Robert Herman Gaskill; (3) Wilcox Automotive, LLC; and (4) all persons or entities who claim an interest in the $76,400.00 in United States Currency in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is entered against the $76,400.00 in United States Currency and Jason Ryan Gordon.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the $76,400.00 in United States Currency be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party, other than Jason Ryan Gordon, whose rights and liabilities are adjudged below.

IT IS FURTHER ORDERED, ADJUDED AND DECREED, that, the property having been forfeited, within a practicable time hereafter for the United States, the United States must release to

7

1  Jason Ryan Gordon, through Richard A. Schonfeld, Esq., one payment of $11,460.00 in United States

2  Currency, less any debt owed the United States, any agency of the United States, or any debt in which

3  the United States is authorized to collect.

4        IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable

5  cause for the seizure or arrest of the defendant property.

6        DATED this 12th day of May, 2014.

7

8  _____

9  LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26